UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RANDY BYE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-4385** |
| **UNITED PROPERTY & CASUALTY INSURANCE CO.** | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. R. Doc. 15. Plaintiff seeks to amend his complaint to add the Louisiana Insurance Guaranty Association ("LIGA") to his original petition, joining it as a Defendant in addition to United Property and Casualty Insurance Company. *Id.* For the following reasons, the Court grants the motion and remands the case to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

When a party amends their complaint and adds a non-diverse party, federal courts "may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). An amended complaint supersedes the original complaint and therefore impacts diversity jurisdiction, which is assessed at the time of filing. *See, e.g.*, *Pacific Bell Telephone Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."); *Linicomn v. Hill*, 902 F.3d 529, 534 n.4 (5th Cir. 2018) (observing that the plaintiff abandoned claims when he failed to include them in his amended complaint).

Courts in the Fifth Circuit consider several factors when a party seeks to amend and add a non-diverse party, including whether the amendment's purpose is to destroy diversity, whether the plaintiff will face prejudice or injury, whether the amendment is dilatory, and other relevant factors. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). While courts "should freely give leave [to amend] when justice so requires," the Fifth Circuit directs district courts to

consider these *Hensgens* factors when deciding whether to deny or permit joinder that would divest the court of its jurisdiction and the defendant of its chosen forum. Fed. R. Civ. P. 15(a)(2); *Hensgens*, 833 F.2d at 1182.

Other sections of the Eastern District of Louisiana have granted motions to amend the complaint adding LIGA and remanded the cases to state court. *See Soza v. Southern Fidelity Ins. Co.* (*Soza I*), 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19. 2023) (Ashe, J.); *Soza v. Southern Fidelity Ins. Co.* (*Soza II*), 2023 WL 2770125, at *5 (E.D. La. Apr. 4, 2023) (Vitter, J.); *14th Street Properties, LLC v. Southern Fidelity Ins. Co.*, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.); *Francis v. Southern Fidelity Ins. Co.*, 2023 WL 2674709, at *1 (E.D. La. Mar. 29, 2023) (Vance, J.).

Plaintiff moves to amend the complaint to add LIGA. R. Doc. 15. Accordingly, the Court weighs the *Hensgens* factors and concludes that the amendment was not done for a dilatory purpose, nor will the parties suffer injury or prejudice because of the amendment and subsequent remand. Plaintiff is within the deadline to file an amended complaint, as no scheduling order has yet been issued in this case. Accordingly, for the foregoing reasons, Plaintiff's motion is granted, and the case is remanded to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

New Orleans, Louisiana, this 13th day of November, 2023.

_____
United States District Judge